FILED
SUPERIOR COURT
OF GUAM

2020 AUG 18 PM 2: 05

CLERK OF COURT

By: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO.: CF0009-20 |
| vs. | **DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR DE-CERTIFICATION AND REMOVAL TO FAMILY COURT** |
| MIGUEL JUSTIN ALYPHIOS<br>DOB: 01/15/2003 | |
| DEFENDANT. | |

## Introduction

This matter came before the Honorable Maria T. Cenzon upon Miguel Justin Alyphios's ("Defendant") Motion for De-Certification and Removal to Family Court ("Motion") filed on March 18, 2020. Defendant is represented by Alternate Public Defender Ana Maria Gayle. The People of Guam did not file an Opposition by June 29, 2020.[1] On June 30, 2020, the Court took the matter under advisement pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam. After reviewing the Motion and the applicable law, the Court hereby issues this Decision and Order **GRANTING** Defendant's Motion.

---

[1] The original due date for the People's Opposition was April 1, 2020. However, the filing deadline was tolled pursuant to Administrative Order 20-361, issued on July 2, 2020. "With the exception of the filing of indictments, all filing deadlines- including statutory filing deadlines- shall be tolled from March 27, 2020, until June 29, 2020, unless otherwise specifically ordered by the applicable court. Any court filing due during this period shall be deemed timely filed if filed by June 29, 2020." Adm. Ord. 20-361 (Jul. 2, 2020).

## Background

The People filed an Indictment on January 27, 2020, charging Defendant with BURGLARY (As a 2nd Degree Felony) in violation of 9 Guam Code Annotated ("GCA") §§ 37.20(a) and 4.60; THEFT (As a 3rd Degree Felony) in violation of 9 GCA §§ 43.20(b), 43.30(a) and 4.60; and CRIMINAL MISCHIEF (As a Misdemeanor) in violation of 9 GCA §§ 34.50(c), 34.60(c), and 4.60. The Indictment alleges that on January 5, 2020, Defendant along with a co-actor, committed the offense of BURGLARY by entering and surreptitiously remaining in the alleged victim's home with intent to commit the crime of theft therein. The Indictment also alleges that upon entering the alleged victim's home, Defendant committed the offense of THEFT by unlawfully taking, obtaining, and exercising control over movable property of the alleged victim, valued between $500.00 and $1,500.00. Finally, the Indictment alleges that Defendant committed the offense of CRIMINAL MISCHIEF by intentionally damaging the property of the alleged victim.

## Law

Title 19 of the GCA § 5106(d) provides the relevant law for transferring the complaint or indictment to the jurisdiction of the Family Court upon "a finding based on clear and convincing evidence that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court." The Court is instructed to consider the following factors:

(1) the age of the minor;
(2) the history of the minor, including:
    (A) any previous delinquent or criminal history of the minor;
    (B) any previous abuse or neglect history of the minor; and
    (C) any mental health, physical or educational history of the minor, or a combination of these factors;
(3) the circumstances of the offense, including:
    (A) the seriousness of the offense;
    (B) whether the minor is charged through accountability;

(C) whether there is evidence the offense was committed in an aggressive and premeditated manner;

(D) whether there is evidence the offense caused seriously bodily harm; and

(E) whether there is evidence the minor possessed a deadly weapon;

(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;

(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

(8) the adequacy of the punishment or services.

In considering these factors, the court shall give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors listed in this Subsection.

19 GCA § 5106(d).

## Discussion

An analysis of the factors described in 19 GCA § 5106(d) is discussed below.

### 1. Age of Defendant

Defendant was sixteen (16) years old at the time the alleged crime was committed and is thus eligible, under 19 GCA § 5106, to have his case transferred to Family Court.

### 2. History of Defendant

Defendant does not have any prior records of delinquency. Defendant also does not have any history of previous abuse or neglect or any mental health, physical, or educational issues.

### 3. Circumstances of the offense

The incident alleged involves BURGLARY, THEFT, and CRIMINAL MISCHIEF. There were no allegations that anyone suffered serious bodily harm as a result of the incident, that any weapons were used, or that Defendant was violent. In fact, the People's Declaration indicates Defendant's cooperation with the Guam Police Department regarding the incident led

to the identification of the co-defendant in this matter. Also, much of the alleged victim's property was recovered.

4. Advantages of treatment within the juvenile system

If the Court transfers this case to Family Court, the Family Court has the ability to provide the supervision and treatment available under the juvenile justice system. Defendant is still enrolled in high school and the Family Court will be able to provide a more scholastic and rehabilitative environment. Family Court will also be able to provide Defendant with services such as counseling through the Guam Behavioral Health and Wellness Center and the Client Services and Family Counseling. These service providers also possess sufficient means to monitor Defendant's progress and promote successful rehabilitation.

5. Security of the public

"In most serious category of cases, the public sense of security and justice require an assurance that a dangerous offender, or one who has committed a serious crime cannot within a short time be released." *See* Comment on 9 GCA § 80.30. Defendant has no criminal record. Defendant neither possessed any weapon during the incident nor does he have any history of violence towards other individuals nor does not appear to be a flight risk. The Court also recognizes Defendant has been on pre-trial release since January 8, 2020, and no violations have been filed by the Adult Probation Services.

6. Minor's history of services

Minor has no history of participation in services, but his filing of this Motion suggests his willingness to participate meaningfully in available services.

7. Minor's rehabilitation before expiration of juvenile court's jurisdiction

19 GCA § 5105 allows continuing jurisdiction of the Family Court until the age of eighteen (18) or twenty-one (21), depending on the circumstances. If so, the Family Court will

only have jurisdiction of Defendant until January 15, 2021 or 2024.

8. <u>Adequacy of punishment or services</u>

The most serious offense charged in this case is a felony in the second degree. If convicted, Defendant would be sentenced pursuant to 9 GCA § 80.30 and faces a sentence of not less than three (3) years and not more than (10) years of imprisonment. However, because Defendant would be considered a first time offender, 9 GCA § 80.31 gives the Court discretion to impose a sentence of not less than one (1) year and not more than eight (8) years of imprisonment for a felony in the second degree.

Upon the application of the above factors to the circumstances of the instant case, the Court finds that transferring this matter to the Family Court is in the best interest of Defendant. As directed by the statue, the Court gives greater weight to the seriousness of the offense and Defendant's lack of a prior delinquency record. Although the Court recognizes the seriousness of the offenses charged, the Court finds Defendant's actions subsequent to his arrest indicates his willingness to participate and benefit from the services provided by the juvenile justice system.

Furthermore, Defendant's lack of a prior record weighs heavily in his favor suggesting he is within the class contemplated to benefit from the juvenile justice system. As such, the Court holds that Defendant is not past the point of benefiting from services provided by the Family Court and determines a transfer to Family Court is appropriate.

<u>**Conclusion**</u>

Based upon the court's finding of clear and convincing evidence that transferring this case to Family court would be in the Defendant's best interest, the Court hereby **<u>GRANTS</u>** Defendant's Motion. The People shall dismiss this criminal case, and file a juvenile delinquency case within thirty (30) days of the issuance of this Order unless otherwise extended by this

Court or by intervening Administrative Order of the Courts.

**SO ORDERED** this _____ AUG 19 2020 .

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM